J-S40036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KURT J. KEIPER | |
| Appellant | No. 2275 MDA 2013, 2276 MDA 2013, 2277 MDA 2013, 2278 MDA 2013, 2279 MDA 2013, 2280 MDA 2013, 2281 MDA 2013, 2282 MDA 2013, 2283 MDA 2013, 2284 MDA 2013, 2285 MDA 2013, 2286 MDA 2013, 2287 MDA 2013 |

Appeal from the Judgment of Sentence November 19, 2013
In the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000351-2010
CP-55-CR-0000352-2010
CP-55-CR-0000087-2011
CP-55-CR-0000088-2011
CP-55-CR-0000089-2011
CP-55-CR-0000090-2011
CP-55-CR-0000091-2011
CP-55-CR-0000092-2011
CP-51-CR-0000106-2011
CP-55-CR-0000347-2012
CP-55-CR-0000349-2012
CP-55-CR-0000350-2012
CP-51-CR-0000351-2012

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 20, 2014**

Appellant, Kurt James Keiper, appeals from the amended judgment of sentence entered on November 19, 2013, by the Court of Common Pleas of Snyder County. We affirm.

On January 31, 2012, Keiper pled guilty to 15 counts of theft by deception[1] (13 of those counts amount to third degree felonies and 2 of those counts were first-degree misdemeanors) and one count for bad checks[2] (a first-degree misdemeanor). Keiper pled guilty to taking down payments from individuals and businesses for their purchase of high-end vehicles without ever providing the purchased vehicle to the customer and not returning the customer's down payment. Keiper also pled guilty to issuing two checks for services provided to him which were subsequently not honored. Keiper's criminal activity was not strictly limited to Synder County, Pennsylvania. It reached for example, British Columbia and Massachusetts.

On November 14, 2012, the trial court sentenced Keiper to an aggregate term of 12.5 years to 78 years' imprisonment. The trial court originally sentenced Keiper to a Recidivism Risk Reduction Incentive ("RRRI") sentence of nine years and two months calculated by taking three-quarters of the minimum sentence. However, on March 15, 2013, the trial court subsequently amended the RRRI minimum to 12.5 years, calculated by taking five-sixths of the minimum sentence. The trial court amended the

---

[1] 18 Pa.C.S.A. § 3922.
[2] 18 Pa.C.S.A. § 4015.

sentence after receiving notice from the Pennsylvania Department of Corrections that there could be a sentencing error. No appeal was filed after the amended sentence.

Subsequently, Keiper filed two PCRA petitions and on October 4, 2013, the PCRA court reinstated his appellate rights *nunc pro tunc*. Keiper then filed a motion to modify his sentence. On November 19, 2013, the trial court denied the motion in part and decided to strike the provision that the restitution be paid in full before Keiper is eligible for parole. This timely appeal now follows.

We will first address Keiper's assertion that his aggregate sentence was manifestly excessive and that the trial court failed to consider all the required sentencing factors within the sentencing code. As a general rule, sentencing is a matter vested within the sound discretion of the trial court, and this Court will not disturb the sentence on appeal absent manifest abuse of discretion. *See Commonwealth v. Stokes*, 38 A.3d 846, 858 (Pa. Super. 2011). An appeal challenging the discretionary aspects of a sentence is not available as of right and we can only reach the merits where there is a substantial question that the sentence imposed is not appropriate under the sentencing code. *See Commonwealth v. Urrutia*, 653 A.2d 706, 710 (Pa. Super. 1995); 42 Pa.C.S. § 9781(b). Our review must solely focus on the reasons for which the appeal is sought as opposed to the facts underlying

the appeal. ***See Commonwealth v. Shugars***, 895 A.2d 1270, 1274 (Pa. Super. 2006).

In order to raise an appeal challenging the discretionary aspects of a sentence the appellant must satisfy four requirements. First, the appellant must file a timely appeal. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa. Super. 2006). Second, the appellant must preserve his objection in the trial court in order for it to be presented on appeal. ***See Shugars***, 895 A.2d at 1274. Third, pursuant to Pa.R.A.P. 2119(f), the appellant's brief must include a concise statement for relied upon for allowance of appeal. Lastly, pursuant to 42 Pa.C.S. § 9721(b), the appellant must demonstrate that a substantial question exists as to whether the sentence imposed is inappropriate under the Sentencing Code.

A substantial question exists when the appellant advances a colorable argument that the sentencing judge's actions were either: 1) inconsistent with a specific provision of the Sentencing Code or 2) contrary to the fundamental norms that underlie the sentencing process. ***See Commonwealth v. Bullock***, 868 A.2d 516, 528 (Pa. Super. 2005).

Furthermore, we consider substantial questions on a case-by-case basis. ***See Urrutia***, 653 A.2d at 710. In determining whether a substantial question exists, this court does not examine the merits of the questions posed to us for our review. ***See Commonwealth v. Tuladziecki***, 522 A.2d 17, 19 (Pa. 1987). A substantial question is not raised when the appellant

contends that the trial court failed to consider or didn't adequately consider certain mitigating factors in fashioning the defendant's sentence. *See Urrutia*, 653 A.2d at 706.

We find that Keiper has satisfied the four above-mentioned requirements. Further, we find that Keiper has raised two substantial questions for our review. First, that the trial court failed to consider did not analyze of the factors found within 42 Pa.C.S.A. § 9721(b), specifically his rehabilitative needs. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272 (Pa. Super. 2013). Second, Keiper asserts that the trial court's imposition of the consecutive sentence is unreasonably excessive in light of the fact that it is a virtual life-sentence for a non-violent property crime. *See id*., at 1273.

We begin with the argument that the trial court failed to consider the factors in § 9721(b). In fashioning its sentence, a trial court must consider the protection of the public, the gravity of the offense on the victim and community, and the rehabilitative needs of the defendant. *See* 42 Pa.C.S.A. § 9721(b). Where the sentencing judge has the benefit of a pre-sentence investigation report, a presumption exists that he was aware of and adequately considered the defendant's relevant character information and mitigating factors. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Instantly, when fashioning its sentence, the trial court had the benefit of a pre-sentence report. *See* N.T., Sentencing, 11/14/12, at 8. As such,

there is a strong presumption that the trial court considered all the factors required by 42 Pa.C.S. § 9721. Indeed, a review of the sentencing transcript reveals that the trial court considered all of the required sentencing factors found within 42 Pa.C.S.A. § 9721. In particular, the record indicates that the trial court considered the nature of his crime as well as the impact that it had on Keiper's victims. *See id*. Furthermore, there is no indication that the trial court failed to consider Keiper's rehabilitative needs. The trial court made it expressly clear that Keiper had a "prior history of taking advantage of people" and did not do anything to right the wrongs he had committed. *Id*.

We next review Keiper's assertion that the aggregate sentence is manifestly excessive as it is a virtual life sentence for non-violent property crimes. First, we must note that Keiper does not have a virtual life sentence. While it is true that Keiper has an aggregate sentence of 12.5 to 78 years, Keiper will be eligible for parole at around age 54.[3] As such, this does not amount to a life sentence, especially when the trial court vacated the requirement that Keiper is not eligible for parole until his restitution has been paid in full. *See* Order 11/19/2013 at 2. It will still be within Keiper's lifetime when he is first eligible for parole.

_____

[3] Defendant was approximately 42 years old at the time of sentencing.

Here, the trial court imposed a standard range sentence for each offense, but ran them consecutively. A panel of this Court in **Dodge** determined that it was not excessive or unreasonable for a defendant to receive an aggregate sentence of 40 years, seven months to 81 years, two months for multiple counts of stolen property. **See** 77 A.3d at 1275. Like in **Dodge**, Keiper was charged with multiple counts of non-violent property crimes. As such, we find that, just as the defendant in **Dodge** did not have an excessive sentence, the sentence imposed upon Keiper by the trial court is not an excessive or unreasonable sentence. Therefore, we find that the trial court did not abuse its discretion in imposing the consecutive aggregate sentence upon Keiper.

The second issue that Keiper raises on appeal is that the trial court did not have the ability to amend his RRRI minimum sentence after 30 days elapsed pursuant to 42 Pa.C.S.A. § 5505. The issue that Keiper raises on appeal, challenging the power of courts to correct an allegedly illegal sentence absent jurisdiction pursuant to 42 Pa.C.S.A. § 5505, is a question of law for which our review is plenary. **See Commonwealth v. Holmes**, 933 A.2d 57, 65 (Pa. 2007).

The statute states in relevant part:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. Notwithstanding the trial court's jurisdictional time bar to amend a defendant's sentence placed upon it by the statute, the trial courts still have the inherent power to correct patent errors absent traditional jurisdiction. *See Holmes*, 933 A.2d at 65. "Inherent jurisdiction has been upheld as an exception to section 5505 because section 5505 was never intended to create a strict jurisdictional deadline for correcting orders where there is an obvious illegality in the sentence." *Commonwealth v. Jackson*, 30 A.3d 516, 522 (Pa. Super. 2011). As such, the jurisdiction exception to 42 Pa.C.S.A. § 5505 for patent errors extends to a trial court's imposition of an obviously illegal sentence. *See Holmes*, 933 A.2d at 67.

We find that the above-mentioned exception applies here. In imposing Keiper's original RRRI sentence, the trial court imposed an illegal sentence. The statute, 61 Pa.C.S.A. § 4505(c)(2), requires the trial court to fashion a minimum RRRI sentence that "shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years."[4] However, the trial court originally imposed a RRRI sentence that was three-quarters of Keiper's minimum sentence. As such, that original sentence was illegal because the statute required the usage of the five-sixths formula. It was during the November 19, 2013, hearing that the trial court amended the original RRRI minimum sentence to a legal sentence using the five-sixths

_____

[4] It is without question that the aggregative sentence to which Keiper's RRRI minimum sentence is based is greater than three years.

formula. Although this amendment to sentencing occurred outside of the 30-day statutory time bar, we find that the trial court permissibly used its inherent power to modify the patently erroneous illegal RRRI sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014